Green, J.
delivered the opinion of the court.
It appears from this record, that the complainants have heretofore obtained a decree against Richard and Blackstone Watterhouse, executors of Richard G. Watterhouse, dec’d, for a large sum of money; which decree remains unsatisfied. The executors have wasted the estate of Richard G. Watter-house, and the securities are insolvent, so that the complainants are unable to obtain satisfaction of their decree.
It appears that Richard Watterhouse, one of the executors, held a note for $815 50, on Daniel Williams and Benjamin C. Thomas, which had been transferred to him in payment of a debt due Richard G. Watterhouse’s estate, and which was assets of said estate in his hands. This note was assigned by said executor to his brother, Cyrus Watterhouse. Suit *159 was brought against Benjamin C. Thomas alone, on said note, in Warren county, and the money has been collected, and is in the hands of James P. Thompson, the attorney.
This bill is filed, alleging that the money arising from said note should be regarded as belonging to the estate of Richard G. Watterhouse, and should be applied to the satisfaction of their decree aforesaid.
We are satisfied, from the proof in the cause, that Cyrus Watterhouse, at the time he received the assignment, knew that the note was part of the assets of his father’s estate.— But it is insisted that it does not appear but that the note was assigned to Cyrus, in part payment of his distributive share of his father’s estate; and that, in such case, his debt would have equal claims on the assets, in the hands of the executors, with the demand of the complainants.
In the first place, it does sufficiently appear that the note was transferred by Richard Watterhouse, in discharge of his personal debt, to Cyrus, if any debt existed; and, in the second place, as this bill alleges that the transfer was fraudulently made, to prevent the creditors of the estate of Richard G. Watterhouse obtaining satisfaction of their debts, and the circumstances proven in the cause, create the suspicion, that such was the fact — it was incumbent on the defendants to show that Cyrus Watterhouse gave some consideration for the note, and to prove the nature of that consideration. This has not been done, and we must treat the transaction to have been colorable only.
If, therefore, the transaction were colorable only, or, if the note were assigned to Cyrus, in payment of an individual debt due from the executors to him, with a knowledge on his part that it belonged to the estate of Richard G. Watter-house, he ¿acquired no right, in equity, to the proceeds, as against creditors of that estate.- Affirm the decree.